**IN THE UNITED STATES DISTRICT COURT,
FOR THE SOUTHERN DISTRICT OF FLORIDA,
FORT LAUDERDALE DIVISION**

CASE NO.: 13-62789

SHARI L. KAVALIN, an individual; on behalf of herself and all others similarly situated,

Plaintiffs,

vs.

AMERIFINANCIAL SOLUTIONS, LLC, a North Carolina Limited Liability Company; ELIZABETH MILLER, Individually and in her Official Capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

Defendants.

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND FLORIDA CONSUMER COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff, SHARI KAVALIN ("Plaintiff" or "KAVALIN"), on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that the collection practices of Defendants, AMERIFINANCIAL SOLUTIONS, LLC ("AMERIFINANCIAL") and ELIZABETH MILLER ("MILLER") (collectively referred to hereinafter as "Defendants"), violate the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, *et seq.* ("FCCPA").

3. Defendants' violative collection practices include, *inter alia*:

(a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of AMERIFINANCIAL's identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

(c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(d) Making false, deceptive, and misleading statements, which conduct can reasonably be expected to abuse or harass the debtor or any member of her or his family.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

6. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8. The FCCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a

consumer debt.

9. A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Fla. Stat. § 559.55(6).

10. To prohibit deceptive practices, the FCCPA, at Fla. Stat. § 559.72(7), prohibits Debt Collectors from willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

11. A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of the FCCPA may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. The court may also award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of the FCCPA. Fla. Stat. § 559.77(1),(2).

12. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, FCCPA, and all other common law or statutory regimes. The Plaintiff requests that she and the putative class members be awarded

statutory, common law, punitive, and/or actual damages payable by the Defendants.

13. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. As such, this action arises out of the collection of a "debt" or "consumer debt" as those terms are defined by Fla. Stat. § 559.55(1).

## II. PARTIES

14. Plaintiff is a natural person.

15. At all times relevant to this complaint, Plaintiff resided in the City of Deerfield Beach, Broward County, Florida.

16. At all times relevant to this lawsuit, AMERIFINANCIAL is a Limited Liability Company existing pursuant to the laws of the State of North Carolina.

17. AMERIFINANCIAL maintains its principal business address at 3114 Croasdaile Drive, City of Durham, Durham County, North Carolina.

18. Plaintiff is informed and believes, and on that basis alleges, that MILLER is a natural person who resides in the community of Reistertown, Baltimore County, Maryland.

19. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of AMERIFINANCIAL that are the subject of this Complaint. Those Defendants personally control, and participate in, the illegal acts, policies, and practices utilized by AMERIFINANCIAL and, therefore, are personally liable

for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

20. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

22. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district and because the Defendants are each subject to personal jurisdiction in the State of Florida at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

23. Sometime prior to November 27, 2013, Plaintiff allegedly incurred a financial obligation allegedly incurred a financial obligation for medical services to Phoenix ER Med Broward LLC ("Kavalin Obligation").

24. The Kavalin Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

25. Defendant contends that the Kavalin Obligation is in default.

26. The alleged Kavalin Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

27. The alleged Kavalin Obligation is a "debt" as defined by Fla. Stat. § 559.55(1).

28. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

29. Plaintiff is, at all times relevant to this complaint, a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

30. Plaintiff is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

31. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to November 27, 2013, the creditor of the Kavalin Obligation either directly or through intermediate transactions transferred and/or assigned the debt to AMERIFINANCIAL for collection.

32. AMERIFINANCIAL collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

33. AMERIFINANCIAL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34. AMERIFINANCIAL is a "debt collector" as defined by Fla. Stat. § 559.55(6).

35. AMERIFINANCIAL is engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by 15 Fla. Stat. § 559.55(7).

36. AMERIFINANCIAL, along with its owners, officers, managers, supervisors, and other employees, implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw all of the illegal policies and procedures alleged herein.

37. MILLER is a principal owner, officer, director, shareholder, member, and/or manager of AMERIFINANCIAL.

38. MILLER attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

39. Plaintiff is informed and believes, and on that basis alleges, that MILLER personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by herself and other employees of AMERIFINANCIAL that are alleged in this complaint.

40. MILLER is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

41. MILLER is a "debt collector" as defined by Fla. Stat. § 559.55(6).

42. Within the one year, and the two years, immediately preceding the filing of this complaint, AMERIFINANCIAL placed several telephone calls to Plaintiff and left multiple "pre-recorded" telephonic voice messages on her telephone voicemail system ("Messages").

43. By way of limited example only, the following is a transcript of one such "pre-recorded" telephonic voice message that AMERIFINANCIAL left for Plaintiff on or about December 11, 2013:

> "Hello, I'm calling about important personal business. Please call me back as soon as possible at the following number: (800) 945-7184. Again, my number is (800) 945-7184."

44. By way of limited example only, the following is a transcript of one such "pre-recorded" telephonic voice message that AMERIFINANCIAL left for Plaintiff on or about December 16, 2013:

> "This is an important business call, please don't hang-up. Hello, I'm calling about important personal business. Please call me back as soon as possible at the following number: (800) 945-7184. Again, my number is (800) 945-7184."

45. Each of the Messages was left by persons employed by AMERIFINANCIAL as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

46. Each of the Messages was left by persons employed by AMERIFINANCIAL as a "debt collector" as defined by Fla. Stat. § 559.55(6).

47. Each of the Messages was left in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

48. Each of the Messages was left in connection with the collection of a "debt" as defined by Fla. Stat. § 559.55(1).

49. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

50. Each of the Messages is a "communication" as defined by Fla. Stat. § 559.55(5).

51. The telephone number "(800) 945-7184" is answered by debt collectors employed by AMERIFINANCIAL.

52. The statement in the Messages that this "is an important business call" is materially false, deceptive, and misleading.

53. Each of the Messages uniformly failed to identify AMERIFINANCIAL by its company name as the caller.

54. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

55. Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

56. At the time Plaintiff received the Messages, she did not know that the calls were from a debt collector.

57. At the time Plaintiff received the Messages, she did not know that the calls concerned the collection of a debt.

58. All of the Messages AMERIFINANCIAL left for Plaintiff had the uniform affect of harassing, oppressing, and abusing Plaintiff in connection with the collection of a debt.

59. The Defendants intended that the Messages have the uniform effect of harassing, oppressing, and abusing Plaintiff and other least sophisticated consumers in connection with the collection of a debt.

60. The only way for Plaintiff and other similarly situated least sophisticated consumers to obtain the identity of the caller leaving the Messages is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by AMERIFINANCIAL, and then provide that debt collector with personal information.

61. The Defendants intended that the Messages have the effect of causing Plaintiff and other similarly situated least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller.

62. The only way for Plaintiff and other similarly situated least sophisticated consumers to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by AMERIFINANCIAL, and then provide that debt collector with personal information.

63. The Defendants intended that the Messages have the effect of causing Plaintiff and other similarly situated least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt

collectors with their personal information, as the sole means of ascertaining the purpose underlying the Messages.

64. Scores of federal court decisions -- including the 11th Circuit Court of Appeals and courts in the States of Florida and North Carolina -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

65. At all times relevant to this action, the Defendants were well aware of the substantial weight of legal authority requiring AMERIFINANCIAL to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

66. At all times relevant to this action, the Defendants willfully, deliberately, and intentionally chose not to disclose in their telephonic voice messages left for Plaintiff and other similarly situated consumers, such as the Messages, that the call is from a debt collector.

67. Scores of federal court decisions -- including the 11th Circuit Court of Appeals and courts in the States of Florida and North Carolina -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

68. At all times relevant to this action, the Defendants were well aware of the substantial weight of legal authority requiring them to provide meaningful identification of AMERIFINANCIAL in telephonic voice messages left for consumers, such as the Messages, by accurately stating their company name and stating the nature and/or purpose of the call.

69. At all times relevant to this action, the Defendants willfully, deliberately, and intentionally chose not to provide meaningful identification of AMERIFINANCIAL in

telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

70. Over the course of more than four years, AMERIFINANCIAL has been named as a defendant in multiple lawsuits in this District Court for its failure and refusal to disclose in its telephonic voice messages left for consumers, including the Messages, that the call is from a debt collector and for failing to provide meaningful disclosure of the caller's identity by stating its company name and the nature or purpose of the call.

71. The Defendants regularly settle lawsuits and other consumer complaints for AMERIFINANCIAL's failure and refusal to disclose in its telephonic voice messages left for consumers, including the Messages, that the call is from a debt collector and for failing to provide meaningful disclosure of the caller's identity by stating its company name and the nature or purpose of the call.

72. The Defendants' collective acts of leaving the Messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA and FCCPA.

73. The Defendants' collective acts of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA and FCCPA.

74. The Defendants willfully and knowingly engaged Plaintiff in conduct, as set forth above, which can reasonably be expected to abuse or harass Plaintiff and/or her family.

75. The FDCPA and FCCPA secure a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that AMERIFINANCIAL is a debt collector in a manner

understandable to the least sophisticated consumer, the Defendants have engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

76. It is the Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA and FCCPA by uniformly failing to:

(a) Provide meaningful disclosure of AMERIFINANCIAL 's identity;

(b) Disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

(c) Disclose that the call is from a debt collector; and

(d) Make false, deceptive, and misleading statements, which conduct can reasonably be expected to abuse or harass the debtor or any member of her or his family.

77. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

78. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

79. Plaintiff seeks to certify one class, which contains a sub-class.

80. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of Florida (b) for whom AMERIFINANCIAL left a telephonic message in the form of the Messages, (c) that did not identify Defendant by its true company name or

state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period of one year prior to the filing of this action, and ending 21 days after the filing of this complaint.

81. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of Florida (b) for whom AMERIFINANCIAL left a telephonic message in the form of the Messages, (c) that did not identify Defendant by its true company name or state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period of two years prior to the filing of this action, and ending 21 days after the filing of this complaint.

82. The identities of all class members are readily ascertainable from the records of AMERIFINANCIAL and those business and other entities on whose behalf it attempts to collect debts.

83. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their respective immediate families.

84. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(11).

85. There are questions of law and fact common to the Plaintiff Sub-Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendants' telephonic voice messages, such as the Messages,

violate Fla. Stat. § 559.72(7).

86. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

87. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

88. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members.

(i.) With respect to the Plaintiff Class, the principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(11); and

(ii.) With respect to the Plaintiff Sub-Class, the principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate Fla. Stat. § 559.72(7).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

89. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for AMERIFINANCIAL, which, on information and belief, collects debts throughout the United States of America.

90. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Plaintiff and the Plaintiff Sub-Class are entitled to injunctive relief for the Defendants' violations of the FCCPA and any monetary relief under the FCCPA and/or FDCPA would be merely incidental to that injunctive relief.

91. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

92. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4)

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

93. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

94. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b) Placing telephone calls without providing meaningful disclosure of AMERIFINANCIAL's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Leaving telephonic voice messages which fail to disclose the purpose or nature of

the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(d) Making false, deceptive, and misleading statements in violation of 15 U.S.C. §§ 1692e and 1692e(10);

(e) Failing to disclose in its initial communication with the consumer, when that communication is oral, that AMERIFINANCIAL is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(f) Failing to disclose in all oral communications that AMERIFINANCIAL is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII. SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (AGAINST ALL DEFENDANTS)

95. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

96. Defendant violated the FCCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

(a) Willfully making false, deceptive, and misleading statements, which conduct can reasonably be expected to abuse or harass the debtor or any member of her or his family in violation of Fla. Stat. § 559.72(7); and

(b) Willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family in violation of Fla. Stat. § 559.72(7).

## IX. PRAYER FOR RELIEF

97. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing KAVALIN and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for KAVALIN and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(iv) For such other and further relief as may be just and proper.

A. **For the SECOND CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing KAVALIN and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for KAVALIN and the Plaintiff Class pursuant to Fla. Stat. § 559.77(2);

(iii) For an award of equitable relief for KAVALIN and the Plaintiff Class pursuant to Fla. Stat. § 559.77(2), which enjoins the Defendants from committing further violations of Fla. Stat. § 559.72(7) by leaving the pre-recorded telephone

messages complained of herein;

(iv) For a finding that the Defendants' violations of Fla. Stat. § 559.72(7) were wanton, malicious or gross, and outrageous to such an extent that the measured compensation to the Plaintiff should have an additional amount added to it by way of punitive damages pursuant to Fla. Stat. § 559.77(2) in an amount to be determined at trial;

(v) Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2); and

(vi) For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

This 26th day of December 2013.

*s/ Brian P. Parker*

Brian P. Parker, Esq. (0980668)
LAW OFFICES OF BRIAN PARKER, P.C.
5200 NW 43rd Street, Suite 102-314
Gainesville, Florida 32606
Telephone: (248) 642-6268
Facsimile: (248) 642-8875
E-Mail: brianparker@collectionstopper.com

Andrew T. Thomasson, Esq. (*Pro Hac Vice*)
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07320
Telephone: (201) 479-9969
Facsimile: (855) 479-9969
E-Mail: andrew@thomassonlaw.com

*Attorneys for Plaintiff, Shari Kavalin, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHARI L. KAVALIN, an individual; on behalf of herself and all other similarly situated,

Hon.

Plaintiff,

Case No.

v.

AMERIFINANCIAL SOLUTIONS, LLC, a North Carolina Limited Liability Company; ELIZABETH MILLER, Individually and in her Official Capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

Defendants.

---

## PROOF OF SERVICE

The undersigned certifies that she personally filed Complaint and Jury Demand along with this Proof of Service using the CM/ECF filing system for the Southern District of Florida, on December 26, 2013.

s/Brian P. Parker
Brian P. Parker