UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:13-cv-62789-DPG

SHARI L. KAVALIN, an individual; on behalf
of herself and all others similarly situated,

   Plaintiff,

v.

AMERIFINANCIAL SOLUTIONS, LLC, a
North Carolina Limited Liability Company;
ELIZABETH MILLER, Individually and in her
Official Capacity; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

   Defendants.
_____/

### JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

PLEASE TAKE NOTICE THAT upon this Notice of Motion and Motion, Plaintiff, Shari L. Kavalin ("Plaintiff"), and Defendant, Amerifinancial Solutions, LLC ("Defendant"), by and through their undersigned counsel, will jointly move this Honorable Court, on a date and time to be determined by the Court, which is located in Courtroom 13-2 at the United States Court House, Southern District of Florida, 400 North Miami Avenue, Miami, FL 33128, for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement. Specifically, the Parties will jointly move this Court pursuant to Fed. R. Civ. P. 23, for an Order certifying this case to proceed as a class action, and granting preliminary approval of the settlement, on behalf of the following class:

> All persons in the State of Florida for whom Amerifinancial Solutions, LLC left a telephonic voice message that failed to identify Defendant by its company name and state that call was for collection purposes

>during a period beginning on December 26, 2012, and ending on January 16, 2014.

In support of this motion, the Parties respectfully state the following:

1. Plaintiff's Complaint alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, *et seq.* ("FCCPA"), by leaving standardized, scripted, telephonic voice messages for consumers, which uniformly failed to provide meaningful disclosure of its identity as the caller by stating its company name and failing to state that the call was for collection purposes. [Doc. 1]. Plaintiff contends these omissions violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11), and Fla. Stat. § 559.72(7). *Id*.

2. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

3. Defendant has denied all material allegations of wrongdoing set forth in Plaintiff's complaint but has admitted that there are approximately 2,290 persons in the State of Florida who meet the class definition, which is set forth above, and which is alleged in Plaintiff's Complaint.

4. There are questions of law and fact common to the Settlement Class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each member of the Plaintiff Class is that Defendant left Plaintiff and each Settlement Class member the same standardized, scripted, telephonic voice message that uniformly failed to identity Defendant by its company name as the caller and failed to state that the call was for collection purposes. The common legal issues are whether Defendant's foregoing collection letter violates 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11), and Fla. Stat. § 559.72(7).

5. There are no individual issues other than identifying the individual class members, which is a ministerial task that Defendant has already accomplished through a review of its business records.

6. Plaintiff's claims are typical of those of the class members. All are based on the same alleged facts and the same legal theories.

7. The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA and FCCPA, class actions, and other complex litigation. Moreover, neither Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue this action.

8. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

   (a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2).

   (b) The Florida legislature specifically contemplated FCCPA class actions as a principal means of enforcing the statute. Fla. Stat. § 559.77(2)

   (c) Most of the class members are unaware of their rights and have no knowledge that their rights are being allegedly being violated by collection letter.

   (d) The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action under the FDCPA and FCCPA are limited to a maximum recovery of *up to* $1,000.00.

   (e) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

9. Accordingly, Plaintiff and Defendant jointly request certification of a class action and preliminary approval of the Parties' class settlement agreement pursuant to Rule 23(b)(3). The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declarations of Shari L. Kavalin, Andrew T. Thomasson, and Brian P. Parker, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by counsel for the Parties with respect to this motion.

Respectfully submitted this 21st Day of August, 2014.

| | |
|---|---|
| *s/ Ernest H. Kohlmyer, III* | *s/ Brian P. Parker* |
| Ernest H. Kohlmyer, III, Esq. | Brian P. Parker, Esq. |
| Florida Bar No. 110108 | Florida Bar No. 0980668 |
| URBAN, THIER, FEDERER & CHINNERY, P.A. | LAW OFFICES OF BRIAN PARKER, P.C. |
| 200 South Orange Avenue, Suite 2000 | 5200 NW 43rd Street, Suite 102-314 |
| Orlando, FL 32801 | Gainesville, FL 32606 |
| Telephone: (407) 245-8352 | Telephone: (248) 642-6268 |
| Facsimile:  (407) 245-8361 | Facsimile:  (248) 642-8875 |
| E-Mail: kohlmyer@urbanthier.com | E-Mail: brianparker@collectionstopper.com |
| | |
| *Attorneys for Defendant, Amerifinancial Solutions, LLC* | Andrew T. Thomasson, Esq. |
| | Admitted *Pro Hac Vice* |
| | New Jersey Bar No. 048362011 |
| | THOMASSON LAW, LLC |
| | 101 Hudson Street, 21st Floor |
| | Jersey City, NJ 07302 |
| | Telephone: (201) 479-9969 |
| | Facsimile:  (855) 479-9969 |
| | E-Mail: andrew@thomassonllc.com |
| | |
| | *Attorneys for Plaintiff, Shari L. Kavalin, and all others similarly situated* |