UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-CIV-62789-DPG

**SHARI L. KAVALIN**, an individual; on behalf of herself and all others similarly situated,

   Plaintiff,

v.

**AMERIFINANCIAL SOLUTIONS, LLC**, a North Carolina Limited Liability Company; **ELIZABETH MILLER**, Individually and in her Official Capacity; and **JOHN AND JANE DOES NUMBERS 1 THROUGH 25**,

   Defendants.

_____/

## **PRELIMINARY APPROVAL ORDER**

The Court, having considered the Parties' Motion for Preliminary Approval ("Motion") [D.E. 33] and having heard from the parties on the record and being otherwise duly advised in the premises, hereby **GRANTS** preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, SHARI L. KAVALIN ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, AMERIFINANCIAL SOLUTIONS, LLC ("Defendant").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes, the Court finds:

    A.    The Settlement Class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law and fact common to the proposed Settlement Class.

    C.    The individual claims of Plaintiff are typical of the claims of the Settlement Class;

    D.      Plaintiff is an appropriate and adequate representative for the Settlement Class;

    E.      The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

    F.      A class action is superior to other methods for fairly and efficiently settling this controversy;

    G.      With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Andrew T. Thomasson and Brian P. Parker, will fairly and adequately represent the interests of the Settlement Class;

    H.      With respect to the proposed Agreement, after consideration of the Agreement attached as ***Exhibit A*** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a)      Defines the "Settlement Class" as:

> All persons in the State of Florida for whom Amerifinancial Solutions, LLC left a telephonic voice message that failed to identify Amerifinancial Solutions, LLC by its company name and state that call was for collection purposes during a period beginning on December 26, 2012, and ending on January 16, 2014.

    (b)      Defines the "Class Claims" as those claims arising from Defendant's use of standardized, scripted, telephone voice messages as alleged in Plaintiff's Complaint in this action [D.E. 1], wherein Defendant uniformly failed to disclose

        its company name as the caller or state that the call was for collection purposes, which Plaintiff contends is a violation of 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11), and Fla. Stat. § 559.72(7);

(c)     Appoints Plaintiff as the Class Representative; and

(d)     Appoints Plaintiff's counsel, Andrew T. Thomasson and Brian P. Parker, as Class Counsel.

2.     The Court approves the Parties' proposed Class Notice and directs it be mailed to the last known address of the Settlement Class members as shown in Defendant's business records. Plaintiff will cause the Class Notice to be mailed to Settlement Class members on or before <u>January 19, 2015</u>. Plaintiff will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3.     The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4.     Settlement Class members shall have until <u>March 5, 2015</u>, to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on the Court as well as Class Counsel and Defendant's counsel by that date. Any Settlement Class members who wish to object to the settlement must submit their objection in writing to the Clerk of the United States District Court for the Southern District of Florida, and serve copies of the objection on Class Counsel and Defendant's counsel by that date. Any objection must include the name and number of the case and a statement of the reason why the objector

-4-

believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. To be effective, the request for exclusion or objection must be postmarked by <u>March 5, 2015</u>.

5. Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on <u>March 16, 2015, at 2:30 p.m.</u>

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of January, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: counsel of record